KLEIN, Judge.
The appehant law firm withdrew while representing a chent in a foreclosure suit and was granted a charging hen for attorney’s fees against the property which was the subject of the suit. Prior to the foreclosure sale of the property, the chent, who was appealing the law firm’s hen, moved the court to transfer the hen created by the final judgment to a bond pursuant to section 55.10(6), Florida Statutes (1995). The motion also requested that the transfer bond serve as a supersedeas bond for the appeal pursuant to Florida Rule of Appehate Procedure 9.310(b)(1). This appeal is from the order granting that motion.
The law firm argues that the lower court had no jurisdiction to transfer the hen to a bond after a notice of appeal had been filed from the final judgment creating the hen. We disagree.
First, a notice of appeal does not divest a trial court of jurisdiction to do things which do not interfere with the power of the appehate court or the rights of a party which are under consideration by the appehate court. Palma Sola Harbour Condominium, Inc. v. Huber, 374 So.2d 1135 (Fla. 2d DCA 1979).
*1225 Second, neither section 55.10(6) nor rule 9.310(b)(1) requires the entry of a court order in order for a bond to become effective. Thus, even if the appellant were correct in its argument on jurisdiction, the bond would have become effective without a court order.
We have considered the other issues and find them to be without merit.
Affirmed.
STONE and SHAHOOD, JJ., concur.