PER CURIAM.
Joe L. Brown (Appellant) appeals an order summarily denying his motion for post-conviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, which claimed that his sentence as both a violent career criminal and a habitual felony offender violated double jeopardy.
At the time the motion was filed and the trial court ruled, the trial court lacked jurisdiction, as the trial court’s order summarily denying a prior motion filed pursuant to rule 3.800(a) was then on appeal in this court.[1] In that motion, Appellant challenged his qualification for sentencing as a violent career criminal. See Washington v. State, 823 So.2d 248, 249 (Fla. 4th DCA 2002) (noting that “a trial court has no power to rule on an issue which would interfere with the authority of the appellate court”). The instant motion could have been dismissed for lack of jurisdiction, or, as would have been preferable, the trial court could have stayed the instant motion until this court issued the mandate in the prior appeal. See id.
The state’s response to this court’s order to show cause suggests that the order on appeal had the same effect as a dismissal or a denial without prejudice. However, the order of summary denial contained no language indicating it was a dismissal, or that the motion could be refiled. Accordingly, we vacate the order on appeal and direct the trial court on remand to reconsider the motion.
GUNTHER, WARNER and POLEN, JJ., concur.

. This court affirmed per curiam without opinion, see Brown v. State, 833 So.2d 144, 2002 WL 31757650 (Fla. 4th DCA Oct.30, 2002), and the mandate issued on December 3, 2002.