PER CURIAM.
On April 3, 2003, the appellant filed a rule 3.800(a) motion alleging that the trial court lacked personal jurisdiction over him at the time of his trial because the charging document was defective. The trial court denied the motion on May 8, 2003, and the appellant sought review of the trial court’s denial. On July 18, 2003, while the appeal was pending, the appellant filed the instant rule 3.800(a) motion raising a claim pursuant to Heggs v. State, 759 So.2d 620, 623 (Fla.2000), and asserting that the trial court erred in failing to *1219 sign the written reasons for departure. On August 4, 2003, the trial court entered an order striking the appellant’s motion because his prior rule 3.800(a) motion was under appellate review. The trial court erred in striking the appellant’s motion filed on July 18, 2003, as the issues raised are unrelated to those raised in his prior motion. See Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997).
Accordingly, we reverse the trial court’s order striking the appellant’s motion and remand the cause to the trial court to consider the merits of the appellant’s motion.
REVERSED and REMANDED.
BARFIELD, BROWNING, and LEWIS, JJ., concur.