820 So.2d 376 (2002)
Willie VALENTINE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1129.
District Court of Appeal of Florida, Fourth District.
May 22, 2002.
Rehearing Denied July 1, 2002.
*377 Willie Valentine, Indiantown, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant, Willie Valentine, appeals a trial court order dismissing his rule 3.850/3.800 motion for post-conviction relief. In this motion, Appellant alleged that he was denied the right to be present for re-sentencing under the 1994 guidelines, apparently based on Heggs v. State, 759 So.2d 620 (Fla.2000). The trial court dismissed his motion on the grounds that he raised the same issues previously raised in a motion filed in the trial court, the denial of which was said to be before this court in a then pending appeal.
Our records do not match the trial court's understanding. Our records show that when Appellant filed the subject motion, this court had not yet issued its mandate in an appeal of the denial of a rule 3.800(a) motion on another, unrelated claim. The trial court would not have been divested of subject matter jurisdiction in these circumstances. See Bates v. State, 704 So.2d 562 (Fla. 1st DCA 1997); Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA), rev. denied, 639 So.2d 981 (1994).
Nevertheless, we affirm the summary denial of this motion for post-conviction relief because the trial court's order suggests that Appellant has raised the same claim raised here, of denial of the right to be present at a re-sentencing, in at least one other motion for post-conviction relief filed in the trial court, which was denied. Appellant makes no mention of this prior motion, purportedly filed in February 2001, in the subject 3.850/3.800 motion. This prior motion, and the trial court's order denying it, may have been proper on the merits and may have supported the trial court's denial of this second motion allegedly raising the same point. We cannot find that Appellant's resentencing was illegal on the face of the record.
While Appellant may have a claim for relief on the merits of his motion, see Dougherty v. State, 785 So.2d 1221 (Fla. 4th DCA 2001), his motion in this case was legally deficient. Rule 3.850(c), Fla. R.Crim. P. See Alkanan v. State, 786 So.2d 1275 (Fla. 4th DCA 2001). For the reasons above, it also appears insufficient under rule 3.800(a).
*378 Therefore, we affirm the trial court's order of dismissal, without prejudice to Appellant's right to file a new motion for post-conviction relief which contains the required information of these rules, and includes the date and circumstances surrounding Appellant's re-sentencing.
STONE, WARNER, and STEVENSON, JJ., concur.