PER CURIAM.
This is an appeal from an order denying a postconviction motion seeking additional credit for jail time served. Because the record now before us does not conclusively refute the defendant’s claim, we reverse.
Defendant-appellant Espinosa filed a motion under Florida Rule of Criminal Procedure 3.800(a) alleging that he has not been granted the proper amount of credit for jail time served. The trial court denied the motion in an order stating, “Per 3rd DCA mandate, as well as court record, no legal or factual basis.”
We must respectfully disagree with the trial court’s analysis under the circumstances of this case. The mandate referred to in the trial court’s order was this court’s affirmance (without opinion) of the defendant’s direct appeal of his conviction and sentence. A review of the defendant’s brief in the direct appeal reveals that the defendant’s counsel did not raise any issue regarding the amount of credit given for jail time served. That being so, this court has not previously adjudicated that claim. See Isom v. State, 915 So.2d 183 (Fla. 3d DCA 2005).
We must also respectfully disagree with the assertion that the defendant did not set forth a legal or factual basis for his claim. As to the factual basis, the defendant’s motion sets forth the dates of his incarceration and his calculation of the credit to which he believes he is entitled. As to the legal basis, Rule 3.800(a) has been amended to allow the court to correct a sentence which does not grant proper credit for time served. See generally Hidalgo v. State, 729 So.2d 984 (Fla. 3d DCA 1999).
Under this court’s standard of review, on an appeal from a summary denial of a Rule 3.800(a) motion, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for further proceedings. Fla. R.App. P. 9.141(b)(2)(D). In postconviction proceedings, the trial court clerk transmits to this court the limited postconviction record set forth in Rule 9.141(b)(2)(A). The record now before us, which is quite limited, does not conclusively refute the defendant’s claim.
Accordingly we reverse the order now before us and remand for further proceedings on the merits of the defendant’s claim.
Reversed and remanded for further proceedings consistent herewith.