PER CURIAM.
Juan Norberto Espinosa appeals an order denying his motion to correct sentence filed under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
As one of his issues, defendant-appellant Espinosa argues that consecutive sentences should not have been imposed on him. The State filed a response in the trial court where it conceded that the defendant was correct with regard to the sentences imposed in Miami-Dade County Circuit Court case number 02-14356. Apparently basing its response on Hale v. State, 630 So.2d 521 (Fla.1993), the State said that consecutive sentences should not have been imposed on counts one and two. The State acknowledged that the sentencing order should be corrected so that the sentence on count two would be concurrent with the sentence on count one. Despite this concession, the trial court did not correct the sentencing order, and instead denied the defendant’s motion in its totality. We reverse the order now before us and remand for the trial court to correct the sentencing order to make count two of circuit court ease number 02-14356 be concurrent with count one. The defendant need not be present.
We concur with the trial court in the denial of the defendant’s remaining claims for relief.
Affirmed in part, reversed in part and remanded for correction of sentencing order.