997 So.2d 1168 (2008)
Juan ESPINOSA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2619.
District Court of Appeal of Florida, Third District.
December 10, 2008.
Rehearing Denied January 23, 2009.
Juan Espinosa, in proper person.
Bill McCollum, Attorney General, for appellee.
Before COPE, GREEN, and SALTER, JJ.

ON MOTION FOR REHEARING
PER CURIAM.
On consideration of the appellant's motion for rehearing, the Court grants the motion, withdraws the per curiam affirmance issued on July 9, 2008, and substitutes the following in its stead.
Juan Espinosa appeals an order entered by the circuit court dismissing his postconviction motion for lack of jurisdiction. The motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was one of a series of postconviction remedies sought by Espinosa relating to his convictions and sentences in two separate cases, numbers 02-13719 and 02-14356.[1]
Espinosa's direct appeal in circuit court case number 02-13719, this Court's Case No. 3D03-1664, became final in June 2005. His direct appeal in circuit court case number 02-14356, this Court's Case No. 3D03-973, became final in December 2004. In March 2005, Espinosa filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800 in both of the two lower court cases, and this was denied in January 2006. In an appeal to this Court (our Case No. 3D06-537, also bearing the caption of both circuit court cases), however, the State conceded that Espinosa was entitled to concurrent, rather than consecutive, sentences in the two cases and he was resentenced accordingly.
Espinosa next filed a motion under Rule 3.850 in circuit court case 02-14356 on May 9, 2006; a petition for habeas corpus alleging ineffective assistance of appellate counsel, on July 11, 2006 (our Case No. 3D06-1752); and a motion under Rule 3.850 in circuit court case 02-13719 on August 3, 2006. These were all denied, as were motions *1169 for rehearing. At this point, Espinosa commenced two separate appeals here: Case No. 3D07-942, which he characterized as an appeal from the denial of his unsuccessful Rule 3.800 claims in both circuit court cases and an appeal from the denial of his motion under Rule 3.850 in circuit court case 02-14356 only; and this case, 3D07-2619, characterized as an appeal from the dismissal of his motion under Rule 3.850 in circuit court case 02-13719 only.
In light of this array of postconviction claims and appeals, several proceeding on separate tracks, it is not difficult to understand why the trial judge concluded in September 2006[2] that he lacked jurisdiction to rule on the 3.850 relating to circuit court case 02-13719.
But appeals from postconviction rulings are governed by different jurisdictional principles than direct criminal appeals or appeals from final orders in civil cases, in which the notice of appeal divests the circuit court of jurisdiction and formal rules require relinquishment for most further proceedings in the trial court. "[A]n appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated." Bates v. State, 704 So.2d 562, 563 (Fla. 1st DCA 1997). See also Valentine v. State, 820 So.2d 376, 377 (Fla. 4th DCA 2002). After a careful review of the motions and records in each case, we conclude that the trial court had jurisdiction over Espinosa's Rule 3.850 motion in September 2006, and therefore could have reached the merits.
We also find, however, that the contents of the motion and record here conclusively demonstrate that Espinosa is entitled to no relief on the claims alleged in the motion. The trial court was, in short, right for the wrong reason. The teaching point for incarcerated, pro se litigants, is that a single motion with all claims has a lower chance of "going off the tracks" both below and on review. See Fla. R.Crim. P. 3.850(f).
Affirmed.
NOTES
[1] Both cases included counts for burglary and grand theft, both culminated in convictions after jury trials, and the sentencing hearing in each case was conducted on March 17, 2003. In circuit court case number 02-13719 (at issue in this appeal), Espinosa was sentenced as a prison releasee reoffender and was designated a habitual offender.
[2] At that time, two separate cases were pending here: our Cases 3D06-537, Espinosa's first Rule 3.800 appeal in both circuit court cases, and 3D06-1752, Espinosa's petition for habeas corpus alleging ineffective assistance by his appellate counsel.