# Third District Court of Appeal

## State of Florida

Opinion filed November 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1912
Lower Tribunal Nos. 02-13719 & 02-14356
_____

**Juan N. Espinosa,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Stephen T. Millan, Judge.

Juan N. Espinosa, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and WELLS and LOGUE, JJ.

SUAREZ, C.J.

On April 1, 2015, Espinosa filed a Rule 3.800 motion to correct an illegal sentence entitled "Motion to Correct Illegal Sentence and 'A Manifest Injustice,'"

in which he challenged his designation as a Violent Career Criminal. The trial docket indicates that this motion has not yet been ruled upon. On May 28, 2015, Espinosa filed another Rule 3.800 motion entitled "Successive Motion to Correct Illegal Sentence and 'A Manifest Injustice,'" in which he challenged his designation as a Prison Releasee Reoffender and the notice provided to him of that qualification.[1] The State filed a Response to the May 28, 2015 motion and the docket shows the case continued until July 23, 2015, when the trial court rendered its order denying the motion and providing records that conclusively show that Espinosa was correctly sentenced as a Prison Releasee Reoffender.

Appellant Espinosa filed the current appeal, alleging the State used one Response to address both the Violent Career Criminal issue as well as the Prison Releasee Reoffender issue, that the trial court adopted the State's Response, denied the motions and failed to attach records that conclusively refuted the claims. Espinosa is incorrect. A review of the trial docket shows the State filed a Response directed to the "successive" Rule 3.800 motion filed May 28, 2015 (the Prison Releasee Reoffender issue), and the trial court's order denying relief was

---

[1] Espinosa is correct in noting that he can file successive 3.800 motions where the issue has not been previously raised. The better practice, however, would be to file an "amended" motion for post-conviction relief, thereby avoiding multiple submissions of separate motions that may clog the docket and delay or confuse resolution of the issues.

directed to that motion. The docket indicates that the April 1, 2015 Rule 3.800 motion (the Violent Career Criminal issue) remains pending below.

We thus affirm the order denying relief as to the Rule 3.800 motion filed on May 28, 2015, without prejudice to Espinosa's appeal from any order arising from resolution of his pending April 1, 2015 Rule 3.800 motion below.