PER CURIAM.
Juan N. Espinosa appeals a denial of a post-conviction motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800. Espinosa raised four issues to the trial court and raises those same four issues, plus an additional one, on appeal. We affirm, and issue an order to show cause.
Espinosa was convicted and sentenced in two cases involving burglary. In case number F02-13719, he was convicted of burglary of an unoccupied dwelling and sentenced to forty years in prison, with a thirty-year minimum mandatory sentence as a Violent Career Criminal and a fifteen-year minimum mandatory sentence as a Prison Releasee Reoffender. He was also convicted of criminal mischief and petit theft with sentences to run concurrently with the burglary sentence. This Court affirmed his direct appeal in Espinosa v. State, 905 So.2d 139 (Fla. 3d DCA 2005) (table).
In case number F02-14356, Espinosa was convicted of burglary and sentenced to forty years in prison, with a thirty-year minimum mandatory sentence as a Violent Career Criminal and a fifteen-year minimum mandatory sentence as a Prison Releasee Reoffender. He was also convicted of grand theft and was sentenced to fifteen years in prison with a ten-year minimum mandatory sentence as a Violent Career Criminal. He was designated a Habitual Offender. This Court affirmed his direct appeal in Espinosa v. State, 888 So.2d 642 (Fla. 3d DCA 2004) (table).
*116 In the trial court and in the instant appeal, Espinosa makes the following four arguments: (i) he was entitled to a separate hearing to determine whether he met the criteria to be enhanced as a Violent Career Criminal; (ii) he was not afforded sufficient notice prior to enhanced sentencing; (iii) proof of his earlier convictions for enhancement purposes was inadequate; and (iv) the State failed to prove his earlier convictions through fingerprinting. On appeal, Espinosa adds a fifth argument: the trial court's denial of his rule 3.800 motion was error because the trial court failed to attach the necessary record excerpts to its order.
We have reviewed Espinosa's arguments and conclude that they are without merit. In addition to Espinosa's two direct appeals, he has filed in this Court twenty-one post-conviction appeals and petitions in the past fourteen years.[1] In his first two post-conviction appeals, Espinosa prevailed in having his sentencing either re-examined or adjusted. In Espinosa v. State, 916 So.2d at 48, this Court reversed a post-conviction order and remanded the case to the trial court to examine whether Espinosa was entitled to additional credit for jail time served. In Espinosa v. State, 937 So.2d at 754, this Court partially reversed a post-conviction order, determining, upon State concession, that Espinosa's sentences in case number F02-14356 should run concurrently rather than consecutively. Perhaps emboldened by these early successes, Espinosa subsequently filed multiple petitions and appeals. They have been to no avail.[2]
Lastly, Espinosa argues that the trial court erred by failing to attach materials to the order on appeal that refute Espinosa's claim for relief. It was, however, Espinosa's burden, not that of the trial court or the State, to supply record excerpts that demonstrate his entitlement to relief under rule 3.800. Cox v. State, 221 So.3d 723, 725 (Fla. 3d DCA 2017).
ORDER TO SHOW CAUSE
Accordingly, Espinosa is hereby directed to show cause, within forty-five days of this opinion, as to why he should not be prohibited from filing any further pro se appeals, petitions, motions or other pleadings related to his criminal convictions in *117 circuit court case numbers F02-13719 and F02-14356.
If Espinosa does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by, and bear the signature of, a licensed attorney in good standing with the Florida Bar.
Additionally, and absent a showing of good cause, any further and unauthorized filings by Espinosa will subject him to appropriate sanctions, including the issuance of written findings forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944. 279(1), Fla. Stat. (2018).
Affirmed. Order to show cause issued.

Espinosa v. State, 210 So.3d 62 (Fla. 3d DCA 2016) (table); Espinosa v. State, 185 So.3d 536 (Fla. 3d DCA 2015) ; Espinosa v. State, 3D15-898; Espinosa v. State, 150 So.3d 1153 (Fla. 3d DCA 2014) (table); Espinosa v. State, 121 So.3d 1050 (Fla 3d DCA 2013) (table); Espinosa v. State, 121 So.3d 558 (Fla. 3d DCA 2013) (table); Espinosa v. State, 108 So.3d 1100 (Fla. 3d DCA 2013) (table); Espinosa v. State, 99 So.3d 522 (Fla 3d DCA 2011) (reversed on procedural ground); Espinosa v. State, 88 So.3d 948 (Fla. 3d DCA 2012) (table); Espinosa v. State, 77 So.3d 1268 (Fla. 3d DCA 2011) (table); Espinosa v. State, 68 So.3d 908 (Fla. 3d DCA 2011) (table); Espinosa v. State, 997 So.2d 1168 (Fla. 3d DCA 2009) ; Espinosa v. State, 967 So.2d 918 (Fla. 3d DCA 2007) (table); Espinosa v. State, 965 So. 2d 137 (Fla. 3d DCA 2007) (table); Espinosa v. State, 955 So.2d 579 (Fla. 3d DCA 2007) (table); Espinosa v. State, 946 So.2d 27 (Fla. 3d DCA 2006) (table); Espinosa v. State, 937 So.2d 754 (Fla. 3d DCA 2006) ; Espinosa v. State, 916 So.2d 47 (Fla. 3d DCA 2005). Twice this Court granted Espinosa a belated appeal: Espinosa v. State, 3D18-06 and Espinosa v. State, 965 So. 2d 137 (Fla. 3d DCA 2007) (table).

In his petitions and appeals, Espinosa has run the gamut of subject matter. The State, in its answer brief, points out that Espinosa has started to become repetitious. For example, Espinosa's argument in this case that he received insufficient notice that the State intended to use prior convictions to enhance his sentencing in cases F02-13719 and F02-14356 has already been rejected in Espinosa v. State, 967 So.2d 918 (Fla. 3d DCA 2007) and Espinosa v. State, 185 So.3d 536 (Fla. 3d DCA 2015).