362 So.2d 441 (1978)
Christopher J. WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-2497.
District Court of Appeal of Florida, Fourth District.
September 6, 1978.
*442 Richard L. Jorandby, Public Defender, and Jerry L. Schwarz, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Glenn H. Mitchell, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.

ON MOTION TO DISMISS OR QUASH
Appellee has moved to dismiss this appeal on the ground the Circuit Court did not have jurisdiction to enter the order appealed from and thus it is a nullity not subject to appeal.
On June 12, 1975, the trial court entered a judgment and sentence against appellant. On December 16, 1976, the trial court denied a motion to vacate that judgment and sentence. On December 28, 1976, appellant appealed that order. While that appeal was pending appellant filed a second motion to vacate the judgment and sentence based upon different grounds than those stated in the original motion to vacate. This second motion was denied November 10, 1977. On November 29, 1977, this court dismissed the appeal from the order denying the first motion to vacate.
On similar facts, the Third District Court of Appeal held that upon the filing of the notice of appeal to review the order denying the first motion to vacate the cause was transferred to the appellate court, and the trial court was thereafter without jurisdiction to vacate. Gobie v. State, 188 So.2d 34 (Fla. 3rd DCA 1966). We agree with that decision and hold the trial court in this case had no jurisdiction to enter the order on the second motion to vacate, thus that order is a nullity and not subject to appeal.
Accordingly, the motion to dismiss is granted.
DOWNEY, C.J., and ANSTEAD and MOORE, JJ., concur.