374 So.2d 1135 (1979)
PALMA SOLA HARBOUR CONDOMINIUM, INC., Appellant,
v.
James C. HUBER and Joyce W. Huber, Husband and Wife, Appellees.
James C. HUBER and Joyce W. Huber, His Wife, Appellants,
v.
PALMA SOLA HARBOUR CONDOMINIUM, INC., Appellee.
Nos. 78-1403, 78-1882 and 79-300.
District Court of Appeal of Florida, Second District.
September 14, 1979.
*1136 Clyde H. Wilson, Jr. and John S. Jaffer of Wilson, Wilson & Namack, Sarasota, for Palma Sola Harbour Condominium, Inc.
William A. Dooley, of Conley & Dooley, Sarasota, and Gregory C. Meissner and Douglas A. Wallace, Bradenton, for the Hubers.
SCHEB, Judge.
These consolidated appeals concern the phased development of Palma Sola Harbour Condominium. In 78-1403 and 78-1882 Palma Sola Harbour Condominium, Inc., the condominium association, contests final and amended final judgments in favor of James C. Huber and Joyce W. Huber, owners of the undeveloped portion of Palma Sola. Those judgments declared easement rights and encroachment liabilities with respect to the condominium property and determined ownership interests in condominium recreational facilities. We remand for a determination of Palma Sola's entitlement to damages for the encroachment; otherwise we affirm those judgments.
While these appeals were pending, on motion of the Hubers this court relinquished jurisdiction to the trial court to determine if Palma Sola should be required to amend its Declaration of Condominium. Instead, the trial court declared that a condominium unit which had been improperly located by the Hubers was a part of Palma Sola's common elements. In appeal 79-300 the Hubers argue that the trial court's order exceeded the scope of our relinquishment. We agree and reverse the order granting supplemental relief.
Beginning in 1974, I.Z. Mann & Associates, Inc., developed Sections 1 through 3 and partially developed Section 4 of the Palma Sola complex and built units 1 through 141 in these sections. Mann then ceased operations because of financial difficulties. At that time Mann had not started construction of units 142 to 151 in Section 4 or of 24 units planned as Section 5. In 1977 the Hubers acquired title to the undeveloped portion of Section 4 and all of Section 5 from the Westside National Bank of Bradenton which had received a conveyance of these sections from Mann in lieu of foreclosure.
*1137 The Hubers sued Palma Sola seeking a declaratory judgment that they had a right of access to Sections 4 and 5 across the common elements of Sections 1 through 3 which were then occupied. The Hubers also sought to require Palma Sola to amend its Declaration of Condominium to include Sections 4 and 5 in the complex.
Palma Sola answered and counterclaimed for a declaratory judgment that the Hubers could not build an eleventh unit on Section 4 because the Declaration permitted only 10 units in that section. Despite warnings from Palma Sola, the Hubers proceeded with construction of 11 new units on Section 4. At trial the evidence revealed that the 10 authorized units under construction (units 142-151) exceeded the boundaries of those units as platted although it did not establish the precise difference. Palma Sola then amended its pleadings to seek removal of all 11 units under construction on the ground that they encroached upon its common elements.
At the conclusion of the trial, the court found that the 10 units in Section 4 did not violate the Declaration which stipulated that the unit boundary lines would be the "as actually built" lines.[1] The court, however, declared the eleventh unit to be an encroachment on Palma Sola's common elements and reserved jurisdiction to determine damages for the encroachment.

I. ENCROACHMENT REMEDIES
Palma Sola appealed contending that the trial court erred in refusing to order removal of the 11 units. Palma Sola argues that the trial court erred in failing to order removal of the 10 authorized units because the units were not located according to the boundaries set out in the plat and exceeded the size of the units as platted. The court, however, because of its conclusion that the "as actually built" clause controlled, not only refused to order removal of these units but declined as well to award damages for their encroachment on the common elements even though the units also exceeded in size the platted units.
The purpose of an "as built" clause is not to eliminate any possibility of encroachment on common elements where a declaration of condominium contains such a clause, but is to ensure that minor irregularities in the location or size of units do not become a cloud on the titles of individual units. Thus, we reject the Hubers' argument that there could have been no encroachment in this case. We accept, however, the Hubers' rationale that relocation of the units was required to align these units with units 1 to 141 which had previously been built by Mann, the original developer, but not in accordance with their platted location.
Unfortunately, the record does not indicate the magnitude of the size deviation, and we are unable to determine whether damages are appropriate. If the deviation was de minimis, then the trial court was within its discretion in withholding damages. If it was material, that is, if the actual size exceeded substantially the platted size, then the court should have awarded damages for the encroachment. We believe the trial judge erred in failing to determine the materiality of that deviation.
The court did find an award of damages appropriate for the encroachment of the eleventh unit. Palma Sola, however, contends that the trial court was required to order removal of this unit because its construction was an intentional encroachment which occurred after warning. We do not think the trial court sitting as a court of equity erred in concluding that an award of damages would be appropriate. In doing so the court fashioned a remedy to fit the Hubers' violation of Palma Sola's rights.[2]

*1138 II. TRIAL COURT'S DECLARATION ON RELINQUISHED JURISDICTION
Nevertheless, we agree with the Hubers' contention on cross-appeal, not because the trial court erred in declaring the eleventh unit to be a part of Palma Sola's common elements, but because the court was without jurisdiction to do so.
While Palma Sola's appeal of the trial court's refusal to order removal of the 11 units was pending, this court relinquished jurisdiction to the trial court upon motion of the Hubers. The trial court was directed to consider the Hubers' request that Palma Sola be required to amend its Declaration to include Sections 4 and 5. The court did not grant this relief, but declared instead that the eleventh unit constructed by the Hubers on Section 4 was not authorized by the condominium plat and had become a part of the common elements belonging to Palma Sola. The Hubers then appealed this order which, as noted, we have consolidated with the original appeals.
This order cannot stand because a trial court is divested of jurisdiction upon notice of an appeal except with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court. State v. Florida State Turnpike Authority, 134 So.2d 12 (Fla. 1961); Crichlow v. Equitable Life Assurance Society, 113 Fla. 668, 152 So. 849 (1933). When this court relinquished jurisdiction, it was for the express purpose of permitting the trial court to determine if Palma Sola should be ordered to amend its Declaration to include units 142 through 151. The trial court's order on supplemental relief declaring that the eleventh unit, unit 152, was a part of the common elements did not address units 142 through 151.
Florida Rule of Appellate Procedure 9.600(b) provides "[w]hen the jurisdiction of the lower tribunal has been divested by an appeal from a final order, the court by order may permit the lower tribunal to proceed with specifically stated matters during the pendency of the appeal." The trial court's order was beyond the scope of "specifically stated matters" this court authorized for consideration on its relinquishment of jurisdiction and consequently was invalid. This is true even though the trial court had reserved jurisdiction in its amended final judgment to determine the issue of damages with regard to unit 152.
Accordingly, we reverse the order declaring unit 152 to be a common element inasmuch as the court was without jurisdiction to make that determination. We remand appeal 79-300 and direct the trial court to determine damages to which Palma Sola is entitled for the encroachment of unit 152.
We reverse the trial court's determination in appeals 78-1403 and 78-1882 that units 142 through 151 did not encroach on common elements. We remand for a determination of whether the encroachment was material and, if so, for assessment of appropriate damages. Otherwise, the amended judgment is affirmed.
GRIMES, C.J., and BOARDMAN, J., concur.
NOTES
[1] The Declaration provides that "[n]otwithstanding the survey location of the walls, ceilings and floors, each unit consists of the space bounded by the vertical projections of the unit boundary lines as actually built and between the horizontal planes at the unfinished floor and ceiling elevations as actually built. (Emphasis added.)
[2] For example, on relinquishment of jurisdiction, the trial court, even though acting outside the scope of this court's order, followed the general rule that buildings and other structures placed on or affixed to the soil without the landowner's consent become part of the land and belong to the landowner. See Voss v. Forgue, 84 So.2d 563 (Fla. 1956); McCreary v. Lake Boulevard Sponge Exchange Co., 133 Fla. 740, 183 So. 7 (1938).