PER CURIAM.
John Davis petitions this court for a writ of mandamus compelling the circuit court to rule on his pending motion for rehearing.
In December 1985, Davis filed a motion for post-conviction relief, which the trial court denied January 9, 1986. Davis then moved for rehearing within the fifteen-day limit prescribed by Florida Rule of Criminal Procedure 3.850. The trial court apparently has taken no further action.
Under appropriate circumstances a prisoner may be entitled to a writ of mandamus if a trial court refuses to rule on a pending motion for post-conviction relief or unreasonably delays the resolution of such a motion. See, e.g., Francois v. Klein, 431 So.2d 165 (Fla.1983); McBride v. State, 443 So.2d 416 (Fla. 4th DCA 1984). However, we decline to grant Davis’ petition because at the time the motion in question was filed Davis was in the process of appealing the denial of another series of post-conviction motions. The trial court’s ruling in that case was not affirmed until March 7, 1986. Davis v. State, 485 So.2d 430 (Fla. 2d DCA 1986). Thus, the trial court was without jurisdiction to entertain the subsequent motion and any order passing on that motion would be a nullity. Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980); Gobie v. State, 188 So.2d 34 (Fla. 3d DCA 1966); Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978). An order ruling on the motion for rehearing similarly would have been unauthorized. Accordingly, we cannot say that the trial court breached any lawful duty by failing to dispose of the latter motion.
Petition for writ of mandamus denied.
GRIMES, A.C.J., and SCHEB and CAMPBELL, JJ., concur.