704 So.2d 562 (1997)
Gerald Lynn BATES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4107.
District Court of Appeal of Florida, First District.
June 17, 1997.
*563 Gerald Lynn Bates, Appellant, pro se.
Robert A. Butterworth, Attorney General; Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The circuit court denied appellant's motion for postconviction relief on jurisdictional grounds. We reverse and remand.
Appellant filed this motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel during his trial for armed burglary, aggravated assault with a weapon and robbery with a weapon. Previously, he had filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800. This motion had been denied by the circuit court, but appeal was still pending here.[1] The lower court ruled that it did not have jurisdiction, owing to the pendency of that appeal, and did not reach the merits of appellant's motion.
The trial court did have jurisdiction to consider the motion. Kimmel v. State, 629 So.2d 1110 (Fla. 1st DCA 1994), established that an appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated. The issue in the other case was whether the sentence was illegal, whereas the issue raised here was whether appellant would be entitled to a new trial. Those issues are unrelated; therefore, the trial court did have jurisdiction, and we must remand.
Reversed and remanded for further consistent proceedings.
MINER, LAWRENCE and PADOVANO, JJ., concur.
NOTES
[1] After the trial court entered its order in this case, this court decided Bates v. State, 690 So.2d 594 (Fla. 1st DCA 1997).