823 So.2d 248 (2002)
Terrance WASHINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-329.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
*249 Terrance Washington, Blountstown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
KLEIN, J.
We grant the state's motion for rehearing and replace our opinion filed on June 19, 2002, with the following opinion.
After a plea of no contest appellant was sentenced in December, 2000. In February, 2001, he moved under rule 3.850 to vacate his plea on grounds he was coerced by counsel and that counsel was incompetent in several ways. The trial court denied the motion and appellant appealed to this court.
While that appeal was pending appellant filed another rule 3.850 motion alleging ineffective assistance of counsel on grounds which were different than the ineffective assistance grounds of the first motion. The trial court dismissed the second motion, concluding that it lacked jurisdiction to rule on that motion while the order denying the earlier motion was pending in this court. Appellant appeals that order.
In Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978), we held that the trial court could not rule on a second post-conviction motion to vacate a conviction, while an appeal was pending in this court from an order denying an earlier motion to vacate based on different grounds. See also Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980)(trial court had no jurisdiction to rule on second 3.850 motion where an order denying a prior 3.850 motion seeking relief on different grounds was on appeal); Hulick v. State, 644 So.2d 117 (Fla. 2d DCA 1994).
The proposition that an appeal of an order denying a rule 3.850 motion prevents the trial court from ruling on a second 3.850 motion is based on the principle that a trial court has no power to rule on an issue which would interfere with the authority of the appellate court. Norman v. State, 739 So.2d 1258 (Fla. 1st DCA 1999); Crichlow v. Equitable Life Assur. Soc. of U.S., 113 Fla. 668, 152 So. 849 (1933).
In Norman, the first district held that a trial court could rule on a 3.850 motion while an appeal was pending from a 3.800 motion, because the grounds in the 3.850 motion were not related in any way to the motion challenging the sentence. The present case is distinguishable from Norman and is controlled by Wells.
We note that the early cases addressing this issue such as Wells and Lee, were decided before the two year period of limitations for rule 3.850 motions became effective in 1985. The Florida Bar re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907 (Fla. 1984). The two year period will not be a problem for appellant because he was sentenced in December, 2000, and the appeal involving his first post-conviction motion has been affirmed. He can accordingly refile his second motion and still be within the time limit.
We recommend that when trial courts are precluded by a pending appeal from ruling on a second motion for post-conviction relief, the second motion be stayed *250 rather than dismissed for lack of jurisdiction. This would solve the problem created if the two year limitation period expires while the first appeal is pending, and could decrease post-conviction litigation.
We affirm without prejudice to the refiling of the second rule 3.850 motion.
Affirmed.
GUNTHER and WARNER, JJ., concur.