834 So.2d 961 (2003)
Johnny B. CROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-3098.
District Court of Appeal of Florida, Fourth District.
January 22, 2003.
Johnny B. Cross, Jasper, pro se.
Charlie Crist, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Johnny B. Cross (Appellant) appeals an order summarily denying as untimely the first ground and striking for lack of jurisdiction the second ground of his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure, and the order denying his motion for rehearing. At the time the motion was filed and the trial court ruled, the trial court did in fact lack jurisdiction, as the trial court's order summarily denying a prior motion filed pursuant to both rule *962 3.800(a) and rule 3.850 was then on appeal in this court.[1]
As Appellant pointed out in his motion for rehearing below, his motion was not untimely filed; his judgment and sentence became final in August 2000, and the instant motion was filed within two years thereafter, on June 3, 2002.[2] However, due to its lack of jurisdiction, see Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978); Hulick v. State, 644 So.2d 117 (Fla. 2d DCA 1994); Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980), the trial court should not have ruled on either ground. It should have either dismissed the motion, or stayed it until this court issued its mandate in the prior appeal. See Washington v. State, 823 So.2d 248, 249 (Fla. 4th DCA 2002). In Washington, this court recently commented that, because of the two-year time limit for rule 3.850, imposed after Wells and Lee were decided, while dismissal is not error, the better practice in such cases is to stay the subsequent motion, in case the two-year period expires while the appeal of the prior motion is pending. This in fact is what happened in the instant case.
Accordingly, as to the first ground, we vacate the orders on appeal and direct the trial court on remand to reconsider Appellant's timely filed motion. As the trial court did not err in striking the second ground, but the time for refiling has since expired, Appellant may have thirty days from the date of issuance of the mandate in this appeal in which to refile that ground.
POLEN, C.J., STONE and FARMER, JJ., concur.
NOTES
[1] This court affirmed without opinion on October 30, 2002, and the mandate issued on November 15, 2002. See Cross v. State, 831 So.2d 196 (Fla. 4th DCA 2002).
[2] Appellant's certificate of service was dated May 13, 2002. See Fla. R.App. P. 9.420(a)(2) (providing that a document filed by a pro se inmate is timely if placed in the hands of an institution official on or before the last day for filing, and is presumed timely if it contains a certificate of service to that effect). However, Appellant's motion was timely filed even without regard to this rule. See Fla. R.Crim. P. 3.850(b); Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988) (when there is no direct appeal, the judgment becomes final when the thirty-day time period for filing an appeal expires).