PER CURIAM.
Dexter Gunn (Appellant) appeals an order entered February 12, 2003, summarily *910 denying his motion for postconviction relief,[1] filed pursuant to Florida Rule of Criminal Procedure 3.850. At the time the trial court ruled, it lacked jurisdiction to do so because its order summarily denying a prior motion filed pursuant to rule 3.850, entered November 4, 2002, was then on appeal in this court, the notice of appeal having been filed on November 14, 2002.[2]
As the state acknowledges in its response to this court, the trial court should have stayed the motion until this court issued its mandate in the prior appeal. Alternatively, it could have dismissed the motion, but this court has noted that staying is preferable. See Cross v. State, 834 So.2d 961 (Fla. 4th DCA 2003); Washington v. State, 823 So.2d 248, 249 (Fla. 4th DCA 2002). Accordingly, we vacate the order on appeal and direct the trial court on remand to rule on Appellant’s motion.
SHAHOOD, GROSS and HAZOURI, JJ., concur.

. The order on appeal purports to deny Appellant's rule 3.850 motion “which was filed on January 9, 2002.” We assume this date is a scrivener's error, as the summary record transmitted to this court indicates the ruling denied the motion which Appellant served on December 6 and filed on December 27, 2002.

. This court affirmed per curiam without opinion on May 28, 2003, and the mandate issued on June 27, 2003. See Gunn v. State, 848 So.2d 333 (Fla. 4th DCA 2003).