PER CURIAM.
Ben Arthur Smith appeals from an order striking his Rule 3.800 motion for lack of jurisdiction. We reverse.
As the State properly concedes, the pen-dency of Smith’s appeal from denial of an earlier filed Rule 3.850 motion did not deprive the court below of jurisdiction to consider the instant 3.800 motion which raised unrelated grounds. See Fla.R.Crim. P. 3.800; McFarland v. State, 808 So.2d 274 (Fla. 1st DCA 2002); Hines v. State, 714 So.2d 605, 606 (Fla. 4th DCA 1998); Montague v. State, 710 So.2d 228, 229 (Fla. 2d DCA 1998); Bates v. State, 704 So.2d 562, 563 (Fla. 1st DCA 1997).
Accordingly, the order striking Smith’s May 9, 2003 Rule 3.800 motion is reversed with this matter remanded for consideration of that motion on the merits.