894 So.2d 857 (2005)
Wayne TOMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. SC03-1902.
Supreme Court of Florida.
January 20, 2005.
*858 Martin J. McClain, Special Assistant, Office of the Capital Collateral Regional Counsel  South, Wilton Manors, FL, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, and Robert J. Landry, Assistant Attorney General, Tampa, FL, for Appellee.
PER CURIAM.
Wayne Tompkins, a prisoner under sentence of death, appeals an order of the circuit court dismissing, for lack of jurisdiction, his February 5, 2003, successive motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, and his February 3, 2003, motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we affirm the trial court's order but grant Tompkins 60 days to refile his successive postconviction motion nunc pro tunc to February 5, 2003.

FACTS AND PROCEDURAL HISTORY
In 1985, Tompkins was convicted of the first-degree murder of Lisa DeCarr and was sentenced to death on the recommendation of a unanimous jury. The facts of this case are fully set forth in this Court's opinion on Tompkins' direct appeal, in which we affirmed Tompkins' conviction and death sentence. See Tompkins v. State, 502 So.2d 415, 421 (Fla.1986) (Tompkins I). This Court subsequently affirmed the denial of Tompkins' initial motion for postconviction relief and denied his state habeas petition. See Tompkins v. Dugger, 549 So.2d 1370, 1373 (Fla.1989) (Tompkins II). The United States Court of Appeals for the Eleventh Circuit affirmed the denial of federal habeas corpus relief. See Tompkins v. Moore, 193 F.3d 1327, 1329 (11th Cir.1999) (Tompkins III).
On March 22, 2001, Governor Bush signed Tompkins' third death warrant, which resulted in Tompkins filing a second postconviction motion in state court. In this motion Tompkins asserted, among other claims, that the State failed to disclose favorable evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), that demonstrated that three witnesses' testimony and the State's closing arguments were false in violation of Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). Tompkins also filed a motion for DNA testing.[1] The trial court denied relief on both of these issues and this Court affirmed. See Tompkins v. State, 872 So.2d 230 (Fla.2003) (Tompkins IV). This Court's decision in Tompkins IV became final on June 25, 2004.
In August 2002, while his latest appeal to this Court was pending, Tompkins filed a motion to relinquish jurisdiction to allow *859 the circuit court to consider a claim based on new evidence disclosed by the State in 2001 and 2002. This Court denied the motion. Tompkins then filed another successive postconviction motion in the trial court, alleging new evidence to support his Brady and Giglio claims, and a motion under rule 3.853, seeking to obtain DNA testing on the remains identified as belonging to the victim. The circuit court dismissed both motions, finding that it lacked jurisdiction due to the pending appeal. Tompkins now appeals the dismissal of his successive postconviction motion and motion for postconviction DNA testing.[2]

ANALYSIS
Both Tompkins and the State agree that the circuit court did not have jurisdiction to consider Tompkins' motions while the appeal of the denial of his previous motions, which raised similar claims, was pending in this Court. Cf. Daniels v. State 712 So.2d 765, 765 (Fla.1998) (reiterating that "during the pendency of a defendant's direct appeal, the trial court is without jurisdiction to rule on a motion for postconviction relief"); State v. Meneses, 392 So.2d 905, 907 (Fla.1981) (holding that "while appeal proceedings or certiorari proceedings are pending in an appellate court, the trial court is without jurisdiction to entertain a motion to vacate"). However, Tompkins argues that the circuit court erred when it entered an order of dismissal. Tompkins asserts that because the trial court lacked jurisdiction over the 3.850 and 3.853 motions, it lacked the jurisdiction to enter an order of dismissal. We conclude that Tompkins' argument is without merit. Dismissal is an appropriate remedy when a court lacks jurisdiction. See, e.g., R.J. Reynolds Tobacco Co. v. Kenyon, 882 So.2d 986, 988 (Fla.2004) ("We dismiss the petition because this Court lacks jurisdiction to review the district court of appeal's order."); Gandy v. State, 846 So.2d 1141, 1142 (Fla.2003) ("We consolidate these cases for purposes of this opinion and, for the reasons expressed below, dismiss these cases for lack of jurisdiction."); Grate v. State, 750 So.2d 625 (Fla.1999) (dismissing "Grate's mandamus petition for lack of jurisdiction"). The trial court did not act outside its jurisdiction in dismissing Tompkins' motions.
We recognize that due to this Court's denial of Tompkins' motion to relinquish, a procedural dilemma now arises because Tompkins is time-barred from filing a new postconviction motion raising his newly discovered evidence claims. See Glock v. Moore, 776 So.2d 243, 251 (Fla.2001) ("[A]ny claim of newly discovered evidence in a death penalty case must be brought within one year of the date such evidence was discovered or could have been discovered through the exercise of due diligence.").[3] Accordingly, although we affirm the trial court's order, we conclude that Tompkins should be permitted 60 days to refile his successive postconviction motion nunc pro tunc to February 5, 2003, the date his prior motion was filed in the trial court. To avoid this procedural dilemma in the future, we conclude that if an appeal is pending in a death penalty case and this Court denies a motion to relinquish jurisdiction for the trial court to *860 consider a new claim, the trial court should hold any successive postconviction motion in abeyance until the appeal process is completed.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
QUINCE, J., recused.
NOTES
[1] This motion was filed before this Court promulgated rule 3.853.
[2] Tompkins also raises several additional issues in his appeal related to the merits of the claims raised in the 3.850 motion. However, he admits that the dismissal is the only issue properly before the Court. Accordingly, we do not address these other issues.
[3] On September 15, 2004, this Court amended rule 3.853(d)(1)(A) to extend the deadline for filing motions for postconviction DNA testing from October 1, 2003, to October 1, 2005. See Amendments to Florida Rule of Criminal Procedure 3.853(d)(1)(A) (Postconviction DNA Testing), 884 So.2d 934 (Fla.2004).