*1256
 
 ALTENBERND, Judge.
 

 Peter L. Brinson appeals an order denying a postconviction motion entitled “Motion to Accept Rule 3.850 as Timely Filed.” We reverse and remand for further proceedings because the order on appeal does not contain adequate attachments from the record to support the order.
 

 Mr. Brinson was tried by jury in 2001 and convicted of four counts of possession of cocaine and four counts of sale of cocaine. He is serving concurrent thirty-year sentences as a habitual offender for the four counts of sale of cocaine. This court affirmed his direct appeal in 2003, issuing mandate on February 25, 2003.
 
 Brinson v. State,
 
 838 So.2d 1154 (Fla. 2d DCA 2003) (table decision).
 

 Since mandate issued in his direct appeal, Mr. Brinson has filed various post-conviction motions.
 
 [1]
 
 In case number 2D03-5110, we reversed an order denying his first motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, and remanded for further proceedings.
 
 Brinson v. State,
 
 873 So.2d 505 (Fla. 2d DCA 2004). Following those proceedings, the motion was again denied and this court affirmed that denial in February 2005, issuing mandate on March 3, 2005.
 
 Brinson v. State,
 
 896 So.2d 753 (Fla. 2d DCA 2005) (table decision).
 

 In the motion at issue in this appeal, Mr. Brinson claims he filed yet another motion for postconviction relief on January 12, 2005. He allegedly filed two notices of inquiry about this motion before receiving a response from the clerk of court in March 2009 notifying him that the clerk had no such motion on file. Shortly after he allegedly received this notice, he filed the motion to accept his rule 3.850 motion as timely filed. That motion is in our record. It asks the trial court to “consider this accompanying Rule 3.850 motion.” No such accompanying motion is in our record.
 

 The trial court denied the motion to accept the earlier motion as timely, describing some of the earlier proceedings. This order has no attachments and we are not certain whether the trial court had an “accompanying motion” or not. The trial court denied the motion, claiming that it would have been without jurisdiction to consider this second motion if it had been filed in January 2005 because the order denying the first motion for postconviction relief was pending on appeal at that time. This ruling is at least an overstatement. A trial court has concurrent jurisdiction during the pendency of an appeal of a postconviction order to consider a second postconviction motion that raises new issues unrelated to the issues presented in the motion that is pending on appeal.
 
 See Wheeler v. State,
 
 918 So.2d 369 (Fla. 1st DCA 2005). We cannot tell from our record whether the motion allegedly filed in January 2005 would have properly invoked the trial court’s jurisdiction.
 

 The trial court also denied the motion on the grounds that it would have been both untimely and successive. Mr. Brinson responded with a motion for rehearing, arguing that a motion in January 2005 would not have been untimely and that his grounds for relief involved newly discovered evidence that he received from his trial attorney shortly before he allegedly filed the motion in January 2005.
 

 We are hampered by the fact that we have no copy of the motion allegedly filed in January 2005. We do not know whether the original or any copy exists either in the court records or Mr. Brin-son’s personal records. Based exclusively
 
 *1257
 
 on the record before us, we must assume that Mr. Brinson mailed a timely second postconviction motion to the court in January 2005 and that the motion contained new claims based on newly discovered evidence. The order on appeal without attachments does not refute those allegations or otherwise contain a legal basis to deny the motion to accept the second motion as timely filed.
 

 Reversed and remanded for further proceedings.
 

 NORTHCUTT and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Case Nos. 2D03-4111, 2D03-5110, 2D04-3400, 2D05-238, and 2D08-2262.