KHOUZAM, Judge.
 

 Robert E. Smith appeals the dismissal of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the dismissal and remand for the trial court to consider Smith’s motion.
 

 At the time that the trial court dismissed the motion at issue here, Smith had a pending appeal in this court in case number 2D08-5917 challenging the denial of a prior postconviction motion. Our record does not reveal whether the issues pending in case number 2D08-5917 involved the same or similar issues presented in the motion that is now pending on appeal. If the grounds are the same, Smith’s motion may be subject to dismissal as successive.
 
 See
 
 Fla. R.Crim. P. 3.850(f). However, the postconviction court erred in dismissing for lack of jurisdiction solely due to the pending appeal in 2D08-5917. “A trial court has concurrent jurisdiction during the pendency of an appeal of a postconviction order to consider a second postconviction motion that raises new issues unrelated to the issues presented in the motion that is pending on appeal.”
 
 Brinson v. State,
 
 25 So.3d 1255, 1256 (Fla. 2d DCA 2010) (citing
 
 Wheeler v. State,
 
 918 So.2d 369 (Fla. 1st DCA 2005)).
 

 Reversed and remanded.
 

 ALTENBERND and WALLACE, JJ., Concur.