PER CURIAM.
 

 Joseph M. Boule, Jr., appeals from the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 in lower case number 2007-CF-952. Boule originally entered a plea to the charges in this case in exchange for a sentence of 11 months and 29 days in the county jail followed by 3 years of drug offender probation. When Boule violated his probation, the court imposed a sentence of 15 years in prison on the most serious of the charges. Thereafter, Boule timely filed a 3.850 motion challenging his original plea and sentence, which the trial court summarily denied. Boule appealed the denial order and, while this appeal was pending, filed a second 3.850 motion challenging his counsel’s representation during the violation of probation hearing. The trial court dismissed this second motion believing that it lacked jurisdiction to entertain it in light of the pending appeal of Boule’s first 3.850 motion. Boule filed this appeal challenging dismissal of his second 3.850 motion.
 

 As the State acknowledges on appeal, a trial court has concurrent jurisdiction during the pendency of an appeal from an order denying postconviction relief to consider a subsequent postconviction motion that raises issues unrelated to those presented in the prior motion.
 
 See, e.g., Smith v. State,
 
 34 So.3d 818 (Fla. 2d DCA 2010). Accordingly, we reverse the order on appeal and remand with directions that the trial court consider Boule’s motion for postconviction relief.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 ORFINGER, C.J., LAWSON, and COHEN, JJ., concur.