ALTENBERND, Judge.
Tommy Ray Bryant appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised one claim based on newly discovered evidence. The postconviction court dismissed his motion for lack of jurisdiction because he had a pending appeal of an earlier order denying postconviction relief. We reverse and remand for the postconviction court to consider Mr. Bryant’s motion on the merits. In so doing, we recede from a number of cases that support the postconviction court’s ruling and certify conflict with similar cases from other districts.
I. Mr. Bryant’s Plea and the Proceedings in the Trial Court on his Motions for Postconviction Relief.
On October 9, 2007, Mr. Bryant pleaded no contest to attempted sexual battery on a child under twelve and resisting an officer with violence. The trial court sentenced him as a habitual felony offender to eighteen years’ imprisonment followed by four years’ probation. In addition, he was designated a sex offender.
On January 21, 2009, Mr. Bryant filed his first motion for postconviction relief pursuant to rule 3.850. Following multiple amendments and responses from the State, the postconviction court denied Mr. Bryant’s motion. On March 24, 2011, Mr. Bryant filed a timely notice of appeal of the summary denial of his first postconviction motion. That appeal is still pending.
Shortly after he filed the appeal, Mr. Bryant filed a second motion for postcon-viction relief pursuant to rule 3.850. This time he alleged a claim based on newly discovered evidence. This claim is separate from and unrelated to any of the claims he made in his first motion. Because the order denying Mr. Bryant’s previous motion was still pending on appeal, the postconviction court dismissed the second motion for lack of jurisdiction. In fairness to the postconviction court, its ruling was supported by our case law. See e.g., Ruth v. State, 635 So.2d 1061, 1061 (Fla. 2d DCA 1994). Mr. Bryant has now appealed this second order.
II. The Development of Two Competing Lines of Cases Addressing Trial Court Jurisdiction over Post-conviction Motions During the Pendency of Postconviction Appeals
When Florida Rule of Criminal Procedure 3.850 was first created in 1963 — as Rule 1 — to handle the influx of habeas corpus writs generated by Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (Fla.1963), the rule was simpler and unsupported by a body of case law. Significantly, it did not contain a time limit for the filing of a motion.
The courts soon decided that a pending direct appeal deprived the trial court of the authority to consider relief on a post-conviction motion. See Barton v. State, 193 So.2d 627, 627 (Fla. 2d DCA 1966). *662 Even a pending effort to obtain supreme court review of a district court decision was regarded as a bar to the filing of a postconviction motion in the circuit court. See State v. Meneses, 392 So.2d 905, 907 (Fla.1981).[1] The case law explained that the trial court could not open a judgment or alter a sentence when the appellate court had jurisdiction over the judgment and sentence.[2] Although this case law described the issue as one of “jurisdiction,” on reflection it might more accurately have been described as a limitation on the trial court’s authority to rule. In other words, the trial court surely had the power to accept a filing from the defendant in the criminal case, but it could not grant relief; it could not alter the judgment or sentence without permission from the reviewing court.
The concept that the trial court lacked jurisdiction to consider a postconviction motion during the pendency of an appeal was expanded as early as 1966 to include an appeal of an order denying an earlier postconviction motion. See Gobie v. State, 188 So.2d 34, 34-35 (Fla. 3d DCA 1966). In Gobie, Judge Pearson dissented, pointing out that the motion raised different grounds and that a postconviction proceeding was technically an independent action, similar to habeas corpus. Id. at 35. Judge Pearson believed that the appellate court had not actually taken jurisdiction over the earlier judgment and sentence, but merely jurisdiction over the order in the independent postconviction proceeding. Id. The rule announced in Gobie impacted the decision-making in a number of districts for several years.[3] In an era when a time limit for filing postconviction motions did not exist, this rule may occasionally have delayed relief, but it did not result in any procedural bar that completely denied relief.
However, in 1984, rule 3.850 was amended and a time limit was placed on the filing of such motions. Thereafter, such a motion needed to be filed within two years of the date the judgment and sentence became final. See The Florida Bar re Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907, 907-08 (Fla.1984). With the adoption of this limitation, the rule announced in Gobie created the potential for an unintended procedural bar. If prisoners were denied jurisdiction to have new and potentially meritorious claims reviewed while a previous motion was pending on appeal, they might run the risk of being denied a remedy altogether due to the two-year time limit.
In this district, we did not immediately recognize this unintended consequence. In Braxton v. State, 568 So.2d 1003, 1003 (Fla. 2d DCA 1990), for example, we affirmed a trial court that entered an order under circumstances similar to the order *663 that we reverse today, holding that the trial court had no jurisdiction to consider a postconviction motion because “there was pending in this court an appeal from another motion in the same case.” In fact, most, if not all of our decisions from 1984 to the early 1990s followed the rule announced in Gobie. See Ross v. State, 598 So.2d 149, 149 (Fla. 2d DCA 1992) (adopting the holding in Braxton); Rodriquez v. State, 592 So.2d 1261, 1261 (Fla. 2d DCA 1992) (adopting the holding in Braxton, though noting that the two motions raised essentially the same allegations); Ruth, 635 So.2d at 1061 (holding no trial court jurisdiction during pending postconviction appeal, citing Braxton and Ross); Davis, 491 So.2d at 1232.
The first cases to recognize the problem created by the two-year limitation were issued by the First District. Initially, the First District questioned this court’s holding in Braxton, noting that “an appeal of an order divests the trial court of jurisdiction except to those matters which do not interfere with the power of the appellate court to determine the issues which are on appeal.” Kimmel v. State, 629 So.2d 1110, 1111 (Fla. 1st DCA 1994) (citing Palma Sola Harbour Condominium, Inc. v. Huber, 374 So.2d 1135, 1138 (Fla. 2d DCA 1979)). Applying this test, the First District reasoned that the trial court has not been divested of jurisdiction by an appeal from an order denying postconviction relief “if the issues presented in a subsequent motion or petition are unrelated to those previously denied and which are then on appeal.” Id.
The First District subsequently relied on Kimmel to hold that “an appeal of a postconviction relief matter will not deprive trial courts of jurisdiction so long as the issues raised in the two cases are unrelated.” Bates v. State, 704 So.2d 562, 563 (Fla. 1st DCA 1997). Bates proved to be a watershed decision, and the First District subsequently produced a number of similar holdings.[4]
This court expressly followed Bates in 1998, concluding that the trial court had jurisdiction to consider a rule 3.800 motion while a rule 3.850 motion was pending on appeal because the issues were dissimilar.[5] Montague v. State, 710 So.2d 228, 229 (Fla. 2d DCA 1998). Our adherence to the rule in Bates was expanded and cemented in two subsequent cases, which held that concurrent jurisdiction exists when the second postconviction motion raises new issues unrelated to those raised in the first motion, regardless of the type of motion. See Smith v. State, 34 So.3d 818, 818 (Fla. 2d DCA 2010); Brinson v. State, 25 So.3d 1255, 1256 (Fla. 2d DCA 2010). In Smith, 34 So.3d at 818, this court suggested that unless a motion qualifies to be dismissed as successive, the trial court has concurrent jurisdiction to rule on the motion. Shortly thereafter, the Fifth District followed suit in Boule v. State, 64 So.3d 753, 753 (Fla. 5th DCA 2011).
*664 Despite a clear trend in favor of concurrent jurisdiction, the rule announced in Gobie has not been completely abandoned. For example, in Washington v. State, 823 So.2d 248, 249-50 (Fla. 4th DCA 2002), the court held that the trial court did not have jurisdiction to rule on a 3.850 motion presenting new grounds for relief while the order denying the prior rule 3.850 motion was pending appeal. In so ruling, the Fourth District suggested that because of the two-year time limitation, a better practice would be for “the second motion [to] be stayed rather than dismissed for lack of jurisdiction.” Id.
Subsequently, the Fourth District held that a pending appeal on a rule 3.800 motion does not divest the court of jurisdiction to consider a new 3.850 motion. Dugan v. State, 885 So.2d 1002, 1003 (Fla. 4th DCA 2004). The Fourth District recently concluded that the postconviction court did not have jurisdiction to consider the merits of a rule 3.800(a) motion where a prior rule 3.800(a) motion raising a related issue was on appeal. Davis v. State, 20 So.3d 1024, 1025-26 (Fla. 4th DCA 2009). However, the court implied that if each motion had raised unrelated issues, the postconviction court could have considered the second motion. Id. Similarly, recent decisions from the Third District hold that a pending rule 3.850 appeal does not deprive the postconviction court of jurisdiction to consider a rule 3.800 motion raising unrelated grounds. See Espinosa v. State, 997 So.2d 1168, 1169 (Fla. 3d DCA 2008); Smith v. State, 858 So.2d 386, 386 (Fla. 3d DCA 2003).
The Second District is not free from inconsistency either, as the Bates rule evolved without this court expressly receding from the Gobie rule. As a result, outdated holdings may still appear to be good law, and trial courts and their staff occasionally latch onto the earlier cases as a method to quickly dispense with a defendant’s second postconviction motion. To avoid this problem in the future, we now write to expressly reaffirm our holdings in Smith, 34 So.3d 818 and Brinson, 25 So.3d 1255. Likewise, we expressly recede from our contrary holdings in the following cases: Ruth, 635 So.2d 1061; Ross, 598 So.2d 149; Rodriquez, 592 So.2d 1261; Braxton, 568 So.2d 1003; and Davis, 491 So.2d 1232. In addition, we distinguish our holdings in Bessette v. State, 709 So.2d 649 (Fla. 2d DCA 1998) and Hulick v. State, 644 So.2d 117 (Fla. 2d DCA 1994). Finally, we certify conflict with the decisions of the First, Third, and Fourth Districts in Lee, 392 So.2d 913; Gobie, 188 So.2d 34; and Wells, 362 So.2d 441.[6]
III. Coordinating Concurrent Jurisdiction in Postconviction Proceedings.
Although Gobie created the unintended risk of procedural default for some claims following the insertion of the two-year time limitation in rule 3.850, at least two potential problems created by the Bates approach remain. First, the Bates approach opens the door to multiple filings by defendants in circuit court. Second, it also can create some inefficiency and potential inconsistency between the work of *665 the district court and the circuit court on the claims presented by one defendant.
A. Multiple Motions.
An identifiable but limited number of defendants file multiple postconviction motions. At least for some of these defendants, the filings may be a form of protest, which unfortunately results in unwarranted delay in the consideration of the potentially meritorious claims of other defendants. The Gobie rule allowed post-conviction courts to quickly dispense with such motions. Unfortunately, that rule merely shifted the forum of protest to the district courts when the defendants appealed every Gobie dismissal.
We emphasize that the Bates approach does not necessarily require the postconviction court to rule on every new motion filed during the pendency of an appeal from an earlier postconviction proceeding. By accepting the filing, the post-conviction court has protected the defendant from the risk of procedural default under the two-year limit. Occasionally, after accepting the filing, the postconviction court would logically choose to defer ruling on the new motion until the appeal is resolved.
Florida Rule of Appellate Procedure 9.600 does not address concurrent jurisdiction in this context. To the extent that Judge Pearson was correct in his dissent in Gobie — that each such motion is a separate independent proceeding — the rule has no need to address concurrent jurisdiction. Thus, the postconvietion court is free to manage the new motion without the need to obtain permission from the district court. If it concludes that it would be prudent to delay ruling on a new motion, the postconvietion court has the authority to issue a stay order or, if in doubt, to issue an order to the defendant to show cause why ruling on the motion should not be delayed during the pendency of the earlier appeal. Moreover, the Bates rule has not altered rule 3.850(f) addressing successive motions. If the successive motions rise to the level of an abuse of the postconvietion procedures, they can be dismissed on that basis.
B. Overlapping Issues.
The second problem is less easily solved. A defendant’s appeal of his first 3.850 motion may be pending in this court when he files a subsequent motion seeking a retrial based on newly discovered evidence. If the postconvietion court grants that motion and orders a new trial, this court is usually unaware that it is now processing a moot appeal. Likewise, if we grant relief on appeal due to a claim of ineffective assistance of counsel that warrants a new trial, a postconvietion court’s work in the interim on a claim of sentencing error is usually wasted effort. These problems arise because unrelated claims can sometimes result in the same or overlapping relief.
Obviously, these problems can be minimized if the defendant raises all claims in one motion or is given leave to amend during the pendency of his motion in the postconvietion court so that there are no overlapping proceedings in the two levels of the court system. To the extent that the problem cannot be avoided, we are not optimistic that it could be solved by placing any notification requirement on the defendant. Instead, we would simply suggest to the postconvietion courts that if they become aware of a risk that their work may have rendered our review moot, they are certainly encouraged to bring the matter to the attention of our clerk to achieve maximum efficiency in the judicial system.
IV. Conclusion.
Although we cannot say that the postconvietion court erred in following our *666 earlier precedent, we now expressly recede from that precedent. Because Mr. Bryant’s most recently filed rule 3.850 motion raises issues separate from those raised in the previous motion, the postcon-viction court has jurisdiction to consider the subsequent motion and to either stay it or rule upon it in light of the procedures discussed in this opinion. Accordingly, we reverse the order on appeal and remand to the postconviction court for further proceedings consistent with this opinion.
Reversed and remanded; conflict certified.
SILBERMAN, C.J., and WHATLEY, NORTHCUTT, CASANUEVA, DAVIS, KELLY, VILLANTI, WALLACE, LAROSE, KHOUZAM, CRENSHAW, MORRIS, and BLACK, JJ„ Concur.

. Justice England wrote a noteworthy dissent in this case that was joined by Justices Sund-berg and Adkins.

. This limitation was expressly added to Florida Rule of Criminal Procedure 3.800(a) but has always been a matter of case law for rule 3.850.

. See Wells v. State, 362 So.2d 441, 442 (Fla. 4th DCA 1978) (holding that a trial court has no jurisdiction to rule on second motion to vacate after notice of appeal was filed for first motion to vacate, adopting Gobie); Lee v. State, 392 So.2d 913, 913 (Fla. 1st DCA 1980) (holding that a trial court has no jurisdiction to entertain on the merits a second rule 3.850 motion on different grounds than the prior -postconviction motion, until the pending appeal of the first postconviction motion has been resolved, citing Wells); Davis v. Twentieth Judicial Circuit Court, Lee County, 491 So.2d 1232, 1232 (Fla. 2d DCA 1986) (holding that a trial court is without jurisdiction to rule on a 3.850 motion while a prior pending postconviction motion is on appeal, citing Lee, Wells, and Gobie).

. See Wheeler v. State, 918 So.2d 369, 369 (Fla. 1st DCA 2005) (holding that postconviction jurisdiction exists as long as prior pending postconviction issue on appeal is unrelated, citing Kimmel and Bates); Norman v. State, 739 So.2d 1258, 1258-59 (Fla. 1st DCA 1999) (holding that the trial court had jurisdiction to consider a second postconviction motion because none of the grounds raised in the second motion related in any way to the initial claim).

. Although we see no reason to carve out a special guideline for rule 3.800(a), the two-year limit is not the same problem for rule 3.800(a) that it is for 3.850. Occasionally, however, the error raised in a 3.800(a) motion is an error that would entitle the defendant to immediate release. Thus, delaying a claim alleging an illegal sentence while reviewing an appeal from a motion challenging a conviction can result in prejudice.

. This list provides merely a prime example of cases which, despite being in conflict with the modern trend, have no negative treatment attached. However, the full list of conflicting cases is much longer: See Reed v. State, 978 So.2d 230 (Fla. 4th DCA 2008); Charles v. State, 950 So.2d 486 (Fla. 4th DCA 2007); Gunn v. State, 852 So.2d 909 (Fla. 4th DCA 2003); Cross v. State, 834 So.2d 961 (Fla. 4th DCA 2003); Washington v. State, 823 So.2d 248 (Fla. 4th DCA 2002); Lea-Scandrett v. State, 804 So.2d 531 (Fla. 1st DCA 2002); Williams v. State, 795 So.2d 975 (Fla. 1st DCA 2001); Kilgore v. State, 793 So.2d 1170 (Fla. 1st DCA 2001); Casseus v. State, 509 So.2d 965 (Fla. 3d DCA 1987).