DAMOORGIAN, J.
Kenneth Jackman appeals an order entered August 4, 2009, summarily denying his motion for leave to file a belated motion for postconviction relief. For the following reasons, we reverse.
By way of background, the defendant has previously appealed an order summarily denying his motion for postconviction relief under Rule 3.850. In that appeal, filed under case number 4D09-329, we reversed and directed the trial court on remand to permit Jackman a limited period of time in which to allege the same grounds in a legally sufficient motion. Jackman v. State, 27 So.3d 220 (Fla. 4th DCA 2010). The mandate issued on February 26, 2010.
In May 2009, while case number 4D09-329 was pending in this court, Jackman filed in the trial court a pro se “motion for leave to file a belated motion for postcon-viction relief,” in which he sought to raise *326 an additional claim based upon the allegation that his trial counsel failed to advise him of the availability of an entrapment defense. In its response, the State incorrectly characterized Jackman’s motion as a claim based on ineffective assistance of appellate counsel. The State went on to argue that pursuant to then-Florida Rule of Appellate Procedure 9.141(c)(2),[1] the trial court lacked jurisdiction to consider Jackman’s motion because the motion should have been filed in this court. The trial court denied the motion for the reasons set forth in the State’s response. This appeal followed.
Ordinarily, our analysis might end with our reversal of the order because the State incorrectly led the trial court to conclude that Jackman’s claim was for ineffective assistance of appellate counsel when it related to trial counsel and had correctly been filed in the circuit court. However, the procedural posture of Jackman’s motion causes us to reconsider our holding in Washington v. State, 823 So.2d 248 (Fla. 4th DCA 2002), that a trial court has no jurisdiction to rule on a subsequent rule 3.850 motion while an order denying a prior rule 3.850 motion, even one seeking relief on different grounds, was on appeal.
Under Washington, we would be compelled to conclude that the trial court lacked jurisdiction to consider Jackman’s motion because, when the trial court ruled on the motion, Jackman had a pending appeal on another rule 3.850 motion before this court. See also Wells v. State, 362 So.2d 441 (Fla. 4th DCA 1978); Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980) (holding that the trial court had no jurisdiction to rule on second rule 3.850 motion where an order denying a prior rule 3.850 motion seeking relief on different grounds was on appeal).
At the time we issued Washington, Judge Klein, writing for the majority, recognized the potential problem with the two-year period of limitations for rule 3.850 motions and “recommend[ed] that when trial courts are precluded by a pending appeal from ruling on a second motion for post-conviction relief, the second motion be stayed rather than dismissed for lack of jurisdiction. This would solve the problem created if the two year limitation period expires while the first appeal is pending, and could decrease post-conviction litigation.” 823 So.2d at 249-50.
Most recently, the Second District, sitting en banc, in Bryant v. State, — So.3d —, 2012 WL 28713 (Fla. 2d DCA 2012), receded from its own line of cases consistent with our precedent, and concluded that where a subsequent motion raises unrelated issues, “the postconviction court has jurisdiction to consider the subsequent motion and to either stay it or rule upon it,” notwithstanding the pendency of an appeal of an order on a previously filed postconviction motion. Id. at —. The court explained that accepting the filing of the subsequent motion rather than dismissing it protects the defendant from the risk of procedural default resulting from the two-year time limit. Id. at —. If the trial court deems it prudent to defer ruling while the appeal is pending, it has the authority to stay its consideration of the new motion. Id.
*327 We adopt the rationale of Bryant and now expressly recede from Wells, Washington and their progeny. Accordingly, we hold that a trial court has authority to consider or to defer ruling and stay a subsequently filed postconviction motion that raises unrelated issues notwithstanding the pendency of an appeal of an order on a previously filed postconviction motion.
This holding should not be viewed as encouraging the filing of successive motions. Successive motions are generally prohibited and should not be allowed when the grounds alleged were known or could have been known at the time of the first motion. Baker v. State, 878 So.2d 1236, 1243-44 (Fla.2004); Christopher v. State, 489 So.2d 22, 24 (Fla.1986). If a successive motion amounts to an abuse of process, it may be dismissed. Fla. R.Crim. P. 3.850(f).
Consistent with the reasoning in Bryant, we further conclude that if the subsequent motion raises the same or related issues to those on appeal, the trial court may not consider the merits while the related appeal is pending. The trial court however has authority to determine that the motion is procedurally barred and may dismiss the motion as successive or untimely.
We reverse and remand for the trial court to consider appellant’s motion. We express no opinion on the merits of his motion.

Reversed and Remanded.

MAY, C.J., WARNER, POLEN, STEVENSON, GROSS, TAYLOR, HAZOURI, CIKLIN, GERBER, LEVINE and CONNER, JJ„ concur.

. The contents of former rule 9.141(c)(2), concerning the proper forum for petitions for belated appeal and petitions alleging ineffective assistance of appellate counsel, now appear in rule 9.141(c)(3) (petitions seeking belated appeal) and (d)(3) (petitions alleging ineffective assistance of appellate counsel). In re Amendments to Florida Rules of Criminal Procedure 3.850 and 3.851; Amendments to Florida Rules of Appellate Procedure 9.141 and 9.142, 72 So.3d 735, 741-42 (Fla.2011).