NORTHCUTT, Judge.
The postconviction court dismissed Albert Sabbag’s motion filed under Florida Rule of Criminal Procedure 3.850, positing that the pendency on appeal of an order denying Mr. Sabbag’s previously filed rule 3.800(a) motion divested the postconviction court of jurisdiction. The dismissal was correct as to ground one, albeit for the wrong reason, because that claim was untimely filed. But we reverse the dismissal of claims two and three, which alleged ineffective assistance of counsel for failure to preserve Sabbag’s entitlement to credit for time served on probation and community control and for out-of-state jail credit, because the postconviction court had jurisdiction over those claims.
*605 In Bryant v. State, 102 So.3d 660 (Fla. 2d DCA 2012), this court, sitting en banc, recently considered the issue of the concurrent jurisdiction in the appellate and circuit courts when a second postconviction motion alleges grounds unrelated to those considered in a first postconviction motion that is the subject of a pending appeal. We concluded that the postconviction court has the authority either to dispose of the second motion or to defer ruling and stay it, notwithstanding the pendency of the appeal of an order on the first motion. Id. at 666. In any event, the posteonviction court should not dismiss the motion but should accept the filing to “protect!] the defendant from the risk of procedural default under the two-year limit.” Id. at 665.
As it turns out, Mr. Sabbag’s appeal of the denial of his rule 3.800(a) motion was affirmed by this court just a few weeks after the postconviction court dismissed the current motion, see Sabbag v. State, 106 So.3d 940 (Fla. 2d DCA 2013) (table decision), thus removing any potential impediment to ruling on the rule 3.850 motion. Accordingly, on remand, the postcon-viction court shall consider the merits[1] of claims two and three.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and SLEET, JJ„ Concur.

. This opinion should not be construed as a predetermination that either claim has actual merit.