PER CURIAM.
William James Siskos appeals the trial court’s summary denial of his “Amended Ground 13 to his Motion for PostConviction Relief’ filed pursuant to Florida Rule of Criminal Procedure 3.850. Since the trial court lacked jurisdiction to enter the order, we reverse.
Siskos was found guilty of second-degree murder with a firearm. This Court affirmed Siskos’s judgment and sentence. Siskos v. State, 103 So.3d 179 (Fla. 5th DCA 2012). He then filed a timely rule *740 3.850 postconviction motion, which the trial court summarily denied. Siskos filed an appeal that is currently pending in case number 5D14-3222. In the interim, Siskos filed a subsequent motion amending ground 13, which the trial court also denied and is the subject of this appeal.
The trial court lacked jurisdiction when it denied the amended motion because Siskos’s original postconviction appeal is still pending. A trial court has concurrent jurisdiction to consider a subsequent postconviction motion that raises issues unrelated to those presented in the prior postconviction motion that is the subject of a pending appeal. E.g., Tompkins v. State, 894 So.2d 857, 859 (Fla.2005); Jones v. State, 135 So.3d 1137 (Fla. 5th DCA 2014); Bryant v. State, 102 So.3d 660 (Fla. 2d DCA 2012); Jackman v. State, 88 So.3d 325, 327 (Fla. 4th DCA 2012); Boule v. State, 64 So.3d 753 (Fla. 5th DCA 2011); Smith v. State, 34 So.3d 818 (Fla. 2d DCA 2010). Siskos’s pending postconviction appeal, and the allegation raised in the amended motion, are clearly related. Consequently, the trial court had no jurisdiction to enter its order.
REVERSED.
ORFINGER, LAWSON and WALLIS, JJ., concur.