# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2293
Lower Tribunal No. 13-7027A
_____

**Oscar Rua-Torbizco,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Veronica A. Diaz, Judge.

Oscar Rua-Torbizco, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

Rua-Torbizco appeals from the trial court's order denying his motion for leave to file a second motion under Florida Rule of Criminal Procedure 3.850. We affirm, without prejudice, and set forth the reasons for our decision.

On June 7, 2016, Rua-Torbizco filed his first pro se postconviction motion. The trial court denied the motion, and Rua-Torbizco appealed that denial order, which is currently pending in this court. Rua-Torbizco v. State, 3D17-1595.

On September 6, 2017, and while that appeal was pending, Rua-Torbizco filed with the trial court his motion for leave to file a second 3.850 motion. In the motion for leave, Rua-Torbizco asserts that he does not read or speak English, was not aware of the contents of his first motion (allegedly written by a fellow inmate),[1]

---

[1] We note that this is a meritless position. See Fla. R. Crim. P. 3.850(n)(1) and (2), which provide:

> (1) By signing a motion pursuant to this rule, the defendant certifies that: the defendant has read the motion or that it has been read to the defendant and the defendant understands its content; the motion is filed in good faith and with a reasonable belief that it is timely filed, has potential merit, and does not duplicate previous motions that have been disposed of by the court; and, the facts contained in the motion are true and correct.

> (2) The defendant shall either certify that the defendant can understand English or, if the defendant cannot understand English, that the defendant has had the motion translated completely into a language that the defendant understands. The motion shall contain the name and address of the person who translated the motion and that person shall certify that he or she provided an accurate and complete translation to the defendant. Failure to include this information and certification in a motion shall be grounds for the entry of an order dismissing the motion pursuant to subdivision (f)(1), (f)(2), or (f)(3).

and that he would like to raise additional 3.850 issues. It should be noted that, at the time his motion for leave was filed, Rua-Torbizco was still within the two-year window for the timely filing of a motion for postconviction relief. See Fla. R. Crim. P. 3.850(b)[2] (establishing a general two-year time limitation for motions filed pursuant to rule 3.850).

On September 28, 2017, the trial court entered an order summarily denying the motion for leave without elaboration, which is the order on appeal before us.

This court held in Gobie v. State, 188 So. 2d 34 (Fla. 3d DCA 1966), that once the notice of appeal of the order denying the first motion for postconviction relief has been filed, the trial court is without jurisdiction to consider the second motion for postconviction relief while that appeal remains pending. This appears to remain the law in our district, and is supported by the Florida Supreme Court's decision in State v. Meneses, 392 So. 2d 905 (Fla. 1981), holding that "while appeal proceedings or certiorari proceedings are pending in an appellate court, the trial court is without jurisdiction to entertain a motion to vacate."[3]

_____

[2] That rule provides in pertinent part that "a motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final. . . ." Rua-Torbizco's judgment and sentence became final on December 4, 2015, when the mandate issued on his direct appeal in 3D14-2647, and he therefore had until December 4, 2017 to file a timely motion under rule 3.850.

[3] More recent decisions from our sister courts have held that the trial court has concurrent jurisdiction to address a second 3.850 motion raising issues unrelated to

The instant case differs slightly from <u>Gobie</u> in that the trial court in the instant case did not actually "entertain a motion to vacate," as no motion to vacate had yet been filed. Instead, the trial court merely ruled upon and denied the defendant <u>leave to file</u> a second motion.

While, under <u>Gobie</u> and <u>Meneses</u>, the trial court was without jurisdiction to entertain and rule upon the <u>motion to vacate</u> until the first appeal was resolved, surely the defendant was authorized to <u>file</u> the second motion for postconviction relief. What the trial court could have done (instead of simply denying the motion for leave) was to permit Rua-Torbizco to <u>file</u> the motion (Rua-Torbizco did not require the trial court's permission to file the motion in any event), and hold the motion in abeyance to await the outcome of the first appeal before proceeding on the second motion or ruling on its legal sufficiency, timeliness, or merits.

We note that the Florida Supreme Court has held that a trial court has the authority to dismiss (for lack of jurisdiction) a second 3.850 motion while an appeal is pending on a prior 3.850 motion. <u>Tompkins v. State</u>, 894 So. 2d 857 (Fla. 2005). <u>In doing so, however, the Tompkins Court recognized that a dismissal of</u> those presented in the first motion that is the subject of a pending appeal. <u>See, e.g.</u>, <u>Siskos v. State</u>, 163 So. 3d 739 (Fla. 5th DCA 2015); <u>Bryant v. State</u>, 102 So. 3d 660 (Fla. 2d DCA 2012); <u>Jackman v. State</u>, 88 So. 3d 325 (Fla. 4th DCA 2012). This panel is bound by this court's prior decision in <u>Gobie</u> on the jurisdictional question, but we suggest that the unintended consequence (i.e., a procedural bar) which could follow from a trial court's order dismissing a second motion for lack of jurisdiction may easily be avoided by simply abating the second motion until the conclusion of the appeal from the order on the first motion.

the second motion could unintentionally result in a defendant being time-barred from filing his second motion if he has to await the outcome of the appeal of the order denying his first motion:

> We recognize that due to this Court's denial of Tompkins' motion to relinquish, a procedural dilemma now arises because Tompkins is time-barred from filing a new postconviction motion raising his newly discovered evidence claims. See Glock v. Moore, 776 So. 2d 243, 251 (Fla. 2001). ("[A]ny claim of newly discovered evidence in a death penalty case must be brought within one year of the date such evidence was discovered or could have been discovered through the exercise of due diligence."). Accordingly, although we affirm the trial court's order, we conclude that Tompkins should be permitted 60 days to refile his successive postconviction motion nunc pro tunc to February 5, 2003, the date his prior motion was filed in the trial court. To avoid this procedural dilemma in the future, we conclude that if an appeal is pending in a death penalty case and this Court denies a motion to relinquish jurisdiction for the trial court to consider a new claim, the trial court should hold any successive postconviction motion in abeyance until the appeal process is completed.

Id. at 859-860 (emphasis added.)

It seems to us that this same reasoning should apply to motions for postconviction relief in non-capital cases as well. This rationale has been acknowledged by our sister courts. See, e.g., Bryant v. State, 102 So. 3d 660 (Fla. 2d DCA 2012) (recognizing that, by accepting the filing of the second motion while an appeal is pending on the first motion, "the postconviction court has protected the defendant from the risk of procedural default under the two-year time limit"); Jackman v. State, 88 So. 3d 325 (Fla. 4th DCA 2012).

We therefore affirm the trial court's denial of Rua-Torbizco's motion for leave to file a second 3.850 motion, without prejudice to the filing of a second motion for postconviction relief within sixty days from the date of issuance of this opinion.  If filed within that sixty-day period, the motion shall be deemed filed nunc pro tunc to September 7, 2017 (the date Rua-Torbizco filed his motion for leave).  The trial court shall hold this second motion in abeyance until the conclusion of the pending appeal in 3D17-1595, after which the trial court may entertain the motion.

Affirmed without prejudice and remanded with directions.