PER CURIAM.
Appellant challenges the dismissal of his rule 3.850 motion for postconviction relief as premature. The trial judge concluded that she lacked jurisdiction to entertain the postconviction motion, in light of appellant’s pending appeal of the denial of a prior rule 3.850 motion. In light of our recent en banc opinion in Jackman v. State, 88 So.3d 325 (Fla. 4th DCA 2012), we reverse. See id. (“We adopt the rationale of Bryant [v. State, — So.3d—, 2012 WL 28713 (Fla. 2d DCA 2012)] and ... hold that a trial court has authority to consider or to defer ruling and stay a subsequently filed postconviction motion that raises unrelated issues, notwithstanding the pendency of an appeal of an order on a previously filed postconviction motion.”).

Reversed and remanded.

WARNER, DAMOORGIAN and CONNER, JJ., concur.