PER CURIAM.
Larry Marshall seeks review of an order that dismissed his rule 3.850 motion for postconviction relief. The judge concluded that he lacked jurisdiction to entertain the postconviction motion, in light of Marshall’s pending appeal of a prior rule 3.850 motion. We reverse and remand in light of our recent decisions in Lubin v. State, 87 So.3d 1260 (Fla. 4th DCA 2012), and Jackman v. State, 88 So.3d 325 (Fla. 4th DCA 2012). As outlined in Lubin, through Jackman we adopted the rationale of Bryant v. State, — So.3d -, 2012 WL 28713 (Fla. 2d DCA 2012), and held that a trial court has authority to consider or to defer ruling and stay a subsequently filed postconviction motion that raises unrelated issues, notwithstanding the pendency of an appeal of an order on a previously filed postconviction motion. As in Jackman, we *278 express no opinion on the merits of Marshall’s motion.

Reversed and remanded.

MAY, C.J., WARNER and HAZOURI, JJ., concur.