PER CURIAM.
The. appellant challenges an order of the trial court summarily denying his motion for postconviction relief. We conclude that the trial court erred when it addressed the merits of the appellant’s rule 3.850 motion, and reverse.
The appellant filed a previous rule 3.850 motion for postconviction relief, which was denied on the merits by the trial court. The appellant then filed an appeal of that denial. Because the appeal was still pending before this Court when the appellant filed the instant rule 3.850 motion, the trial court should have dismissed the appellant’s instant rule 3.850 motion for lack of jurisdiction. See Lee v. State, 392 So.2d 913 (Fla. 1st DCA 1980); Hulick v. State, 644 So.2d 117 (Fla. 2d DCA 1994).
We note that the exact claim which is raised in the appellant’s instant rule 3.850 motion was denied previously on the merits in the appellant’s prior rule 3.800(a) motion, and as the appellant has filed another rule 3.850 motion which has also been denied on the merits, this present motion would be both successive and an *1171 abuse of process. We therefore reverse the order denying the appellant’s rule 3.850 motion on the merits, and remand with directions that the trial court dismiss the appellant’s motion with prejudice.
WOLF, VAN NORTWICK and BROWNING, JJ„ concur.