PER CURIAM.
Kenneth Jackman appeals the trial court’s order summarily denying his motion for post conviction relief. We reverse and remand.
In his post conviction motion, Defendant alleged that at the time he entered his plea, he was under the influence of illegal substances and suffering from mental defects, which impaired his ability to understand the consequences of his plea. He argued that counsel should have investigated his competency to proceed, as an evaluation would have revealed he was incompetent to stand trial, based on his history of mental illness and an evaluation that occurred several years after the plea. He also argued that counsel was ineffective in allowing him to plead when he was mentally incompetent, due to his psychiatric disorders and the influence of illegal drugs. As a result, he was deprived of a fair trial. However, he did not state in the motion that his defense counsel at the time of the plea was aware of his mental and drug abuse problems, nor did he attach documents corroborating his alleged condition.
The trial court denied the motion based on the state’s response. No portions of the record were attached to the response or to the order of denial. Essentially, the state took the position that the motion was legally insufficient in that Defendant failed to allege that he ever gave trial counsel a reason to believe that he was not competent to enter a plea. Patton v. State, 784 So.2d 380, 392 (Fla.2000); Nixon v. State, 932 So.2d 1009, 1020 (Fla.2006). Additionally, the state attempted to refute Defendant’s allegations by reference to portions of the record, which the trial court should have attached if they were necessary to refute Defendant’s allegations, Fla. R.Crim. P. 3.850(d), and by referring to the perceptions of the assistant state attorney who filed the response below regarding conversations with Defendant around the time of the plea, which probably would have to be adduced during an evidentiary hearing.
In his brief filed with this court, Defendant argues that if his motion was insufficient, he should have been allowed to amend it with facts and records that would warrant relief, citing Spera v. State, 971 So.2d 754 (Fla.2007). In response to this court’s order to show cause, the state agrees that, as it was not apparent that the defects in the motion could not be corrected, Defendant should be given a reasonable time to amend his motion; furthermore, if the motion is denied on the merits, then the plea form and a transcript of the plea colloquy should be attached.
We agree and accordingly reverse, and direct the trial court on remand to permit Defendant a limited period of time in which to allege the same grounds in a *222 facially sufficient motion, pursuant to Spera.

Reversed and Remanded.

FARMER, DAMOORGIAN and CIKLIN, JJ., concur.