# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-0448
_____

WILLIAM RHOW,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Duval County.
Russell Healey, Judge.

January 25, 2019

PER CURIAM.

Appellant, William Rhow, appeals from an order dismissing with prejudice his second (successive) motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The only explicit basis for dismissal provided in the order on review is that the lower court found it had no jurisdiction to rule on Appellant's claims during the pendency of his postconviction appeal in case 1D17-4033.* For the reasons below, we reverse for further proceedings.

_____

* On January 19, 2018, this Court per curiam affirmed the denial of Appellant's original postconviction motion in case 1D17-4033, with the mandate issuing on April 9, 2018.

A trial court does not have jurisdiction to rule on a subsequent postconviction motion that raises the same or related claims as were raised in a prior postconviction motion that is the subject of a pending appeal. *See Kilgore v. State*, 793 So. 2d 1170 (Fla. 1st DCA 2001) (stating that trial court should have dismissed subsequent rule 3.850 motion for lack of jurisdiction where appeal of order denying previous rule 3.850 motion that raised the "exact claim" was pending on appeal); *Jackman v. State*, 88 So. 3d 325, 327 (Fla. 4th DCA 2012) (holding that "if the subsequent motion raises the same or related issues to those on appeal, the trial court may not consider the merits while the related appeal is pending"). But, if the issues raised in the two motions are unrelated, the trial court has jurisdiction to rule on the subsequent motion. *See Wheeler v. State*, 918 So. 2d 369 (Fla. 1st DCA 2005) (citing *Bates v. State,* 704 So. 2d 562 (Fla. 1st DCA 1997)) ("[A]n appeal of a postconviction relief matter will not deprive the trial court of jurisdiction so long as the issues raised in the two cases are unrelated."). And, even if the issues in the two motions are the same, the trial court "has authority to determine that the motion is procedurally barred and may dismiss the motion as successive or untimely." *Jackman*, 88 So. 3d at 327.

Here, it is undisputed that the motion at issue in this case does not raise the same or related claims to those raised in the motion that was at issue in case number 1D17-4033. Accordingly, the trial court erred in dismissing the motion with prejudice on jurisdictional grounds.

The state nevertheless argues that we should affirm the dismissal order because the claims raised in the motion in this case are procedurally barred. Specifically, the state contends that, pursuant to Florida Rule of Criminal Procedure 3.850(h), this Court should find that Appellant failed to show good cause as to why his present claims could not have been raised in his original postconviction motion. *See* Fla. R. Crim. P. 3.850(h) (providing that a trial judge may dismiss successive claims if it is found that the failure "to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause

2

for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion.").

We reject the state's argument because the lower court never ruled on whether Appellant showed good cause for the delayed filing of his present claims. We decline to do so in the first instance.

REVERSED and REMANDED.

WOLF, LEWIS, and WETHERELL, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


William Rhow, pro se, Appellant.

Ashley Brooke Moody, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.

3